STEVEN T. VOILES
(Name)

CSATF/STATE PRISON COCORAN
(Address)

P.O. BOX 5244
(City, State, Zip)

CORCORAN, CA. 93212-5244
(CDC Inmate No.)
AA5875



2254   1983
FILING FEE PAID
Yes____ No____
IFP MOTION FILED
Yes____ No____
COPIES SENT TO
Court____ ProSe____

FILED
MAY 26 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# United States District Court
## Southern District of California

STEVEN T. VOILES AA5875
(Enter full name of plaintiff in this action.)

                                    Plaintiff,

v.

JAMES A. REAVIS, PSY.D
A PSYCHOLOGICAL CORPORATION
LIC :PSY17404
   AND
IAN ST. JOHN
DEPUTY PROBATION OFFICER

(Enter full name of each defendant in this action.)

                                    Defendant(s).

11 cv 1166 JLS BGS

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
**The Federal Americans with Disabilities act of 1990
Title II and Title III Section 504 of the Rehabilitation Act of 1973
28 U.S.C.§12183(a)§12188, CAL.CIV.CODE§54.3**

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, **STEVEN T. VOILES**
(print Plaintiff's name)

**STEVEN T. VOILES**, who presently resides at
**CSATF/STATE PRISON CORCORAN, P.O. BOX 5244**
**CORCORAN, CA. 93212-5244**
(mailing address or place of confinement)
, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at
**964 FIFTH AVENUE STE. 200**
**SAN DIEGO, CA. 92101**          on (dates) **01-01-09 to 06-29-09**, and
(institution/place where violation occurred)   (Count 1)   (Count 2)   (Count 3)

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant **JAMES A. REAVIS, PSY.D., A PSYCHOLOGICAL CORPORATION LIC.:PSY17404** resides in **964 FIFTH AVENUE STE. 200 SAN DIEGO, CA. 92101**
(name) **Psychologist, Private and** (County of residence)
and is employed as a **County of San Diego**  . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: **Discrimination, Retaliation, Threats, Intimidation, Interference Conspiracy, Program accessibility, Title II and Title III Violations Section 504 of the Rehabilitation Act of 1973, California Disabled Act.**

Defendant **IAN ST. JOHN** resides in **COURTHOUSE, 250 EAST MAIN ST. 8th FLOOR EL CAJON, CA. 92020**
(name) **COUNTY OF SAN DIEGO** (County of residence)
and is employed as a **DEPUTY PROBATION OFFICER**  . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: **Discrimination, Retaliation, Threats, Intimidation, Interference, Conspiracy, Program accessibility, Title II and Title III Violations Section 504 of the Rehabilitation Act of 1973, California Disabled Act.**

Defendant                                resides in
(name)                                                         (County of residence)
and is employed as a                                . This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:

Defendant                                resides in
(name)                                                         (County of residence)
and is employed as a                                . This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:

C. **Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: **The Americans with Disabilities Act (ADA) of 1990** (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

**(In reference to Ian St. John)**

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

I am a qualified individual with a disability, protected by Title II and III of the ADA.

I am a person with disabilities, as mobility impaired, I use a cane and sometimes a motorized wheelchair, I am also a diabetic and have heart disease.

I have a permanent disabled parking placecard due to the lack of ability to walk distances.

(ST. JOHN) was my probation officer assigned to me approx. December 10th 2009. It was clear to, that he disliked me from my first meeting with him. He came to my home to search, he cuffed me from behind. I politely asked him if he could cuff me IN FRONT, due to my disability. He said "no", so I inquired if I brought a doctors note, would that help, and he said "yes". The next week I met with him in his office, I had a doctors noting, asking him not to cuff me from behind and he was not happy. He asked me what I did for a living, I told him, I am a retired Aerospace test engineer and I worked for 25 years with Defense Contractors. He told me, if I broke any rules, too many small ones or any major ones, I would find myself in prison. He said, I would have to attend counseling once a week with a (JAMES A. REAVIS PH.D.). After my first visit with (REAVIS) on January 3rd 2009, I found out his facility was not ADA compliant, no parking and no disabled rest-room facilities. I was extremely intimidated by (ST. JOHN) and (REAVIS), due to the fact that he could violate me whenever he wanted, I was (SCARED OF BOTH MEN). I told (ST. JOHN) about my disabilities and that I really needed a ADA compliant facility to comply with my probation requirements and Dr. Reavis facility has no parking. St. Johns response was (I DON'T CARE!), that's where you are going. He was upset. So. I did what I was told, this went on back and forth for the next 24 weeks. Each month, I asked St. John to send me to a program that was accessable to me. He would get angry and say, (REAVIS) would have to make that decision. I also informed him of my intention to sue (REAVIS). He said, (I DON'T CARE!), and that he was clearly in violation of ADA law also. By not sending me to a accessible facility. It was (ST. JOHN'S) duty to ensure Reavis was in compliance with Title III of the ADA and anyone he contracts with are carried out in accordance with Title II. He did not, in discrimination against me as a officer of the court, St. John is also guilty of nonfeasance. He made no attempt to assist me in a reasonable accommodation, causing me to suffer great "physical pain and emotional distress, repeatedly". (ST. JOHN) DID NOT BELIEVE I was in fact disabled, as he requested me to sign releases for my medical records from both my Workers Comp. doctor and my primary care doctor. I believe this would fall under a (UNNECESSARY INQUIRIES), (ST. JOHN) conspired with (REAVIS) by arresting me, which is illegally retaliation because he was in electronic contact with (REAVIS) by email and (REAVIS) would explain to (ST. JOHN), HOW I would complain about being in pain and my lack of being involved in group discussion. I had to take pain medication from the walk to be able to sit for 1.5 hours. I only asked that (ST. JOHN) please assist me with access, let me go to an alternate facility like (LARRY CORRGAN), who has the same counseling. As I called Larry Corrigan to verify that his program would in fact comply

(CONTINUED FROM PAGE 3)

with the requirements, he told me "yes". This was some sort of game for these men, but discrimination, I do not think is a game. For 6 months of psyical and emotional pain and suffering.
(IAN ST. JOHN)

    Discrimination against a disabled person. Failure to provide reasonable accommodation for people with disabilities. Failed to make facilities available through altyernative methods. I suffered great physical pain and emotional distress from his actions. I firmly believe (IAN ST. JOHN) knew what Reavis was doing and that is why it is also a criminal action of conspiracy and nonfeasance.

STEVEN VOILES

*[signature]*

04-15-2011

<u>Count 2</u>: The following civil right has been violated: **The Americans with Disabilities Act (ADA) of 1990**     (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

**(In reference to James A. Reavis)**

<u>Supporting Facts</u>: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

I am a qualified individual with a disability protected by Title II AND III ^ of the ADA.

I am a person with disabilities, as mobility impaired, I use a cane and sometimes a motorized wheelchair, I am also a diabetic and have heart disease.

I have a permanent disabled parking placecard, due to the lack of ability to walk distances.

I was directed to (JAMES A REAVIS) for court ordered counseling by probation officer (IAN ST. JOHN). I want to be clear on the "court ordered", and required to not be late and no missed meetings. (REAVIS) reports directly to (ST. JOHN) by electronic mail each week.

I started seeing (REAVIS) on or about January 3rd 2009. His office is located at 964 Fifth Avenue, suite 200. There was no disabled parking within a reasonable distance. I had to drive around for approx. 10 TO 40 minutes to find parking close enough, so I could make the walk. I met Reavis and inquired about parking, as he did not seem to care, "just what's on the street" was Reavis' response. I informed him about my disabilities and my limitations in regards to walking distances and if he could not provide accommodations, I would need to find <u>other counseling.</u> He told me, that would be up to my probation officer. I also needed to use the bathroom, he gave me a key. I went to the bathroom, on the left, there was one or two stand up urinal's, straight ahead, there was 2 to 3 sit down stalls with an 8 inch step approx. one to two feet before the stalls and no ADA standard accessible stall. Not even a alternate accessible stall. I need at least the minimum, a stall equipped with grab bars. I informed (REAVIS) that this building did not have the ADA accommodations I needed. He said, "not my building, not my problem and I don't care, nothing but complaints (Mr. Voiles), lets focus on counseling, not your complaints". (REAVIS) was extremely intimidating. I did inform (REAVIS) that It was in fact his responsability. He then threatened me with (I WILL CALL YOUR PROBATION OFFICER AND TELL HIM THAT YOU ARE NOT PARTICIPATING IN COUNSELING). This is a major violation of probation and I can have your probation revoked. I had no choice but to comply for now and contact (ST. JOHN), over the next 6 months, Reavis would make my disabilities a topic of group discussion. I was in severe physical pain from the long walk and my lower back pain increased to a (10), sometimes requiring me to take pain medication in order to sit for the 1.5 hour session. During the entire 24 weeks, I continued to ask for accommodations from (REAVIS), please allow me to attend alternate accommodations at a facility with ADA accommidations. (LARRY CORRIGAN) in Claremont offered the same services and had ADA accommodations and it was closer to my home. (REAVIS) said, "I don't care". I heard this at least 20 times, before I finally contacted a law firm on or about June 25th, I informed (REAVIS) of my intent to sue several times. (REAVIS) simply stated, that he would contact my probation officer and tell him, I was not in compliance. He did finally do it on June 28th. I was arrested on july 3rd 2009 by St. John, for failure to participate in counseling.
(JAMES A REAVIS:)

Discrimination against a disabled person, (I DON'T CARE), he said over and over again. Failure to provide reasonable accommodation for people with

~~Count 3: The following civil right has been violated:~~

~~(E.g., right to medical care, access to courts,~~

disabilities. He denied full and equal "enjoyment of services, facilities, privileges, advantages or accommodations".
Reavis failed to remove barriers.
Failed to make facilities available through alternative methods.

    I suffered great "physical pain and emotional distress" from his actions, again for a total of 24 weeks, due to Reavis' failure to act. I paid (REAVIS) $600.00 + $60.00 a session x15 and $40.00 x 9 to total $1,860.00. (REAVIS) made direct threats, intimidation he knew and understood the nature of major violation of conditions of probation. I asked Reavis every week for accommodation and complained of the pain he was causing me, (HE DID NOT CARE), he has discriminated in the past, informing me, he has HAD clients in wheel chairs and they had no difficulty. I find this disturbing. Reavis does not care about federal ADA laws and is cruel in bringing up my disabilities in front of 12 people, I hardly knew, this was extremely embarrassing to me. He conspired with Ian (ST. JOHN), making me go back and forth and try to get accommodation. I believe this to be a Title II and III, due to the fact a county of San Diego probation officer was directly involved.

STEVEN VOILES

*[signature]*

04-15-2011

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: **STEVEN T. VOILES**

Defendants: **JAMES A REAVIS AND IAN ST. JOHN**

(b) Name of the court and docket number: **UNKNOWN**

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] **FAILED TO STATE A CLAIM**

(d) Issues raised:

**ADA ACCESS ISSUES. I was ripped off by a prisoner who I paid money to assist me with it. He in fact did not.**

(e) Approximate date case was filed: **May 2010**

(f) Approximate date of disposition: **June 2010**

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☐ No. **N/A**

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought. **N/A**

~~F. REQUEST FOR RELIEF~~

E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s):
**California Disabled Persons Act.CAL.CIV.CODE 54(c)
($1,000.00) x 24=$24,000.00
Americans with Disabilities Act (ADA) of 1990 308(a)42 U.S.C.A 12188(a)
($4,000.00) x 24= $96,000.00 Injunctive relief Approx.** ~~$1,860.00~~

2. Damages in the sum of $ **To be determined by the court**

3. Punitive damages in the sum of $ **$20,000.00**

4. Other: **Filing and Mics. costs $350.00 +fees paid to Reavis $1860.00**

F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_04-15-2011_  
Date

_[signature]_  
Signature of Plaintiff

JS44 (Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Steven Voiles

**DEFENDANTS**

Reavis et al

'11 CV 1166 JLS BGS

2254   1983

FILING FEE PAID
Yes___ No___

IF PRO MOTION FILED
Yes___ No___
ATTORNEYS (IF KNOWN)
COPIES SENT TO
Court___ ProSe___

FILED
MAY 26 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Steven Voiles
PO Box 5244
Corcoran, CA 93212
AA-5875

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 42 U.S.C. 1983

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND $** _____
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 5/26/11    SIGNATURE OF ATTORNEY OF RECORD [signature]