UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VOILES,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JAMES A REAVIS; and IAN ST. JOHN,<br><br>　　　　　　　　　　　Defendants. | Civil No.　11-CV-1166-JLS (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR U.S. MARSHAL TO EFFECTUATE SERVICE & DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3)** |

Plaintiff Steven Voiles, a state prisoner proceeding pro se in this action, filed a request for a Court order that service of the summons and complaint in this action be made by a United States marshal or deputy marshal. (Doc. No. 12.) Plaintiff has also filed a letter indicating that he has no friends or family to serve the summons and complaint on the named defendants. (Doc. No. 14.) Although Plaintiff paid the initial filing fee of $350 and elected not to file a motion to proceed in forma pauperis ("IFP"), the Court construes his current request as a motion to proceed IFP for purposes of Marshal service only, as he has been unable to effectuate service on his own.

Because plaintiffs who prepay the civil filing fee are not considered to proceed IFP, they are not automatically entitled to have the U.S. Marshal effect service on their behalf, and they must do so within the 120 days provided by FED.R.CIV.P. 4 (m). *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to FED.R.CIV.P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible

for timely service"); 4A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE §§ 1090, 1094 (3d ed. 2002).

However, while Plaintiff did not initially move to proceed IFP, the Court will construe his current motion as such a request and **GRANT** Plaintiff IFP status for purposes of Marshal service only. Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal." Fed.R.Civ.P. 4(c)(3). In addition, when plaintiffs are granted leave to proceed IFP, the United States Marshal, upon order of the court, is authorized to serve the summons and complaint on the pauper's behalf. *See* 28 U.S.C. § 1915(d); *Boudette*, 923 F.2d at 757; *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1993).

Although Plaintiff paid the initial $350 filing fee when he commenced this action, he may still be eligible to proceed IFP. A request to proceed IFP need not be filed at any particular time, but may be initiated at any stage of a proceeding, since a person who is not an indigent at the commencement of a suit may become one during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

The Court now finds that Plaintiff's motion for court order to have U.S. Marshals effectuate service is sufficient to show that his is unable to execute the service of his own Summons and Complaint. Accordingly, and in order to aid in the timely administration of justice in this matter, he will now be permitted to proceed IFP pursuant to FED.R.CIV.P. 4(c)(3) for purposes of service only.

### Conclusion and Order

Good cause having now been shown, **IT IS ORDERED** that:

1. Plaintiff is **GRANTED** IFP status for purposes of service only;

2. The Clerk shall forward to Plaintiff a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a copy of this Order, and copies of his Complaint and the summons for purposes of serving each of these Defendants. Upon receipt of

this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

DATED: April 2, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge