1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22

| STEVEN VOILES,<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. REAVIS, psychologist, Private and County of San Diego, PSY.D, A Psychological Corporation LIC: PSY17404; IAN ST. JOHN, County of San Diego Deputy Probation Officer; SAN DIEGO COUNTY PROBATION DEPARTMENT, county agency;<br><br>Defendants. | Civil No.     11-CV-1166-JLS (BGS)<br><br>**REPORT AND RECOMMENDATION OF US. MAGISTRATE JUDGE TO:**<br><br>**(1) GRANT DEFENDANTS SAN DIEGO COUNTY PROBATION DEPARTMENT AND IAN ST. JOHN'S MOTION TO DISMISS; AND**<br><br>**(2) GRANT IN PART AND DENY IN PART DEFENDANTS SAN DIEGO COUNTY PROBATION DEPARTMENT AND IAN ST. JOHN'S MOTION TO STRIKE** |
| --- | --- |

23
24
25
26
27
28

## I. INTRODUCTION AND PROCEDURAL HISTORY

On March 3, 2014, the District Judge assigned to this case issued an Order adopting this

Court's Report and Recommendation ("R&R") granting in part and denying in part Defendant

Ian St. John and the San Diego County Probation Department's ("SDCPD") motion to dismiss

1    Plaintiff's Second Amended Complaint ("SAC"). (ECF No. 66.[1])  In its Order, the Court

2    dismissed Plaintiff's Eighth Amendment claim with prejudice as to both Defendants.  Plaintiff's

3    ADA claim was dismissed with prejudice as to Defendant St. John only.  Finally, Plaintiff's

4    Unruh Civil Rights Act claim was dismissed *without prejudice* as to both Defendants.  *Id*. at 10.

5    Accordingly, Plaintiff was given leave to amend his Unruh Civil Rights Act claim as to ST. John

6    and the SDCPD in order to correct the deficiencies identified in the SAC. (*Id*. at 10-11.)

7           On May 16, 2014, Plaintiff Steven T. Voiles, proceeding pro se, filed a Third Amended

8    Complaint ("TAC") alleging that his civil rights and rights under the Americans with Disability

9    Act ("ADA") were violated while he was on state probation. (ECF. No. 70.)  On May 29, 2014,

10   Defendants St. John and SDCPD filed a motion to dismiss the second cause of action in

11   Plaintiff's TAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief

12   may be granted. (ECF No. 72-1.)  Defendants also move to strike under Fed. R. Civ. P. 12(f):

13   (1) immaterial allegations from ¶¶ 13, 14 and 15 of the TAC which pertain to Plaintiff's

14   previously-dismissed Eighth Amendment claim; and (2) Plaintiff's prayer for punitive damages.

15   (*Id*. at 6.)  On July 30, 2014, Plaintiff filed a response in opposition. (ECF No. 76.)  On August

16   22, 2014, Defendants filed their reply. (ECF No. 78.)

17          This matter has been referred to the undersigned Magistrate Judge for a Report and

18   Recommendation. The Court determines that this matter is appropriate for resolution without

19   oral argument and submits the motions on the parties' papers pursuant to Local Civil Rule

20   7.1(d)(1). For the reasons set forth below, the Court recommends that: (1) the motion to dismiss

21   Plaintiff's second cause of action be **GRANTED;** and (2) the motion to strike be **GRANTED**

22   **IN PART AND DENIED IN PART**.

23   ///

24   ///

25   ///

26   ///

27   _____

28          [1] For ease of reference, the Court will use the page numbers assigned by the Court's
     electronic filing system.

11cv1166-JLS (BGS)

## II.  THE DISTRICT COURT'S MARCH 3, 2014 ORDER ADOPTING
## REPORT & RECOMMENDATION

On January 27, 2014, Magistrate Judge Bernard G. Skomal issued a Report and Recommendation that: (1) Plaintiff's Unruh Civil Rights Act claim be dismissed without prejudice and (2) Plaintiff be given leave to amend because the SAC failed to allege Plaintiff complied with filing requirements of the California Government Claims Act (Cal. Gov. Code §§ 900 et seq.). [ECF No. 64 at 17.] The Court adopted the Report and Recommendation in its entirety stating:

> "Because Plaintiff primarily seeks monetary relief, Plaintiff is subject to the filing requirements of the California Government Code.  However, Plaintiff failed to allege that he either first submitted his claim to the County of San Diego or was excused from the filing requirement, so Plaintiff failed to state a claim upon which relief could be granted."

[ECF No.  66 at 5:1-13.]

## III.  ALLEGATIONS IN PLAINTIFF'S THIRD AMENDED COMPLAINT

**A.  General Allegations**

Plaintiff alleges that Defendants SDCPD, Ian St. John, and James A. Reavis violated his civil rights, ADA rights and California's Unruh Civil Rights Act rights.  [Third Amended Complaint at ECF No. 70.]  As to Defendants SDCPD and St. John, Plaintiff specifically alleges that they violated his rights under the Unruh Civil Rights Act by denying him access to public and private facilities when he was required to attend state-mandated counseling at a non-ADA compliant facility. (*Id.* at 6-9.)

Plaintiff also alleges violations of the ADA against SDCPD only and violations of the ADA, Unruh Civil Rights Act and retaliation against Defendant Reavis.  Plaintiff seeks compensatory damages, punitive damages, and fees and costs. (*Id.* at 18.)  Defendants' current motion to dismiss, however, is *only* with respect to Plaintiff's second cause of action for violation of the Unruh Act against Defendants SDCPD and St. John.  (ECF No. 72-1 at 2.)  Therefore, the Court will not address Plaintiff's first cause of action against SDCPD or the third, fourth and fifth causes of action against Defendant Reavis.

**B.  Plaintiff's Second Cause of Action: Violation of California's Unruh Civil Rights Act**

According to Plaintiff's Third Amended Complaint, Defendants SDCPD and St. John violated California's Unruh Civil Rights Act (Cal. Civ. Code §§51, 52.) (ECF No. 70 at 14.). Plaintiff alleges:

> "Defendant SDCPD as a public entity within the meaning of the ADA and the Unruh Civil Rights Act, was required to ensure that its contract agents providing services, programs, or activities were sufficiently compliant with the ADA and the Unruh Civil Rights Act before requiring the Plaintiff, pursuant to their policy as an additional condition of his probation, to attend said services, programs or activities. They failed to do so with regard to Defendant Reavis' service, program or activity.  Plaintiff notified defendant SDCPD by and through their agent St. John that Defendant Reavis' service, program or activity was not in compliance with either the ADA or the Unruh Civil Rights Act, yet they continued to insist the Plaintiff attend that specific service, program or activity despite the availability of an alternative, with wanton disregard for the pain and suffering caused to the Plaintiff as a result of their actions . . . ."

(*Id.* at 14:16-15:4.)

**C.  Allegations Regarding Compliance With The California Government Tort Claims Act**

In response to the District Court's grant of leave to file an amended complaint curing the deficiencies in the SAC regarding compliance with the California Government Claims Act, Plaintiff also alleges the following in the TAC:

> "Plaintiff has substantially complied with the state Government Tort Claims Act (Cal. Gov. C. §900 et seq.) in that he filed a complaint with the California Board of Psychology ("Board") on May 10, 2011.  (Exhibit A.)  On May 18, 2011 the Board acknowledged receipt of this 'complaint' indicating it would investigate the matter, enclosing a 11/2004 revised handout showing the Enforcement Process.  (Exhibit B.)"

[ECF No. 70 at 2:3-10.]

Plaintiff further alleges that he engaged in a series of correspondence with the California Board of Psychology from May 28, 2011 until August 18, 2011, when "the Board informed the Plaintiff that absent evidence that the doctor 'exhibited an extreme departure from the standard of care' the Board would take no further action." *Id.* at 2:24-27.  Plaintiff alleges he requested, and received, copies of all the letters sent to him by the California Board of Psychology.  *Id.* at 3:1-6.  Finally, Plaintiff alleges the California Board of Psychology did not advise him that there were requirements under California's Government Code with which he needed to comply.  *Id.*  at 3:16-17.

11cv1166-JLS (BGS)

# IV. STANDARD OF REVIEW

## A.  Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

The plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Factual allegations asserted by pro se plaintiffs, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming that this standard still applies to pro se pleadings post-*Twombly*). Thus, where a plaintiff appears pro se in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported

11cv1166-JLS (BGS)

1    by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some

2    degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."

3    *Jones*, 733 F.2d at 649 (internal quotations omitted).

4          Nevertheless, the Court must give a pro se litigant leave to amend his complaint "unless it

5    determines that the pleadings could not possibly be cured by the allegation of other facts." *Lopez*

6    *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (quotation omitted) (citing *Noll v.*

7    *Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)). Accordingly, before a pro se civil rights

8    complaint may be dismissed, the court must provide the plaintiff with a statement of the

9    complaint's deficiencies. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th

10   Cir. 1988). But where amendment of a pro se litigant's complaint would be futile, denial of leave

11   to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

12   **B.  Motion to Strike Under Fed. R. Civ. P. 12(f)**

13         Under Rule 12(f), a party may move to strike "from a pleading an insufficient defense or

14   any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f).   Rule 12(f)

15   motions are generally disfavored, and the remedy of striking a pleading is used to discourage

16   parties from raising allegations completely unrelated to the relevant claims and when the

17   interests of justice so require. *See Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th

18   Cir.1962); *see also Allen v. County of Monterey*, 2007 WL 1771521, *9 (N.D.Cal.2007) ("Rule

19   12(f) motions to strike are generally not granted unless it is clear that the matter sought to be

20   stricken could have no possible bearing on the subject matter of the litigation. Any doubt

21   concerning the import of the allegations to be stricken weighs in favor of denying the motion to

22   strike.").

23                        **V. ANALYSIS AND RECOMMENDATIONS**

24   **A.  Compliance with the California Government Claims Act**

25         As explained in the Court's January 27, 2014 Report and Recommendation, an Unruh

26   Civil Rights Act claim "in which money damages are ... the primary purpose of the action," is

27   subject to California Government Code filing requirements. *Gatto v. Cnty. of Sonoma*, 98 Cal.

28   App. 4th 744, 761-63 (2002); ECF No. 64 at 15:28-16:2.  The District Court in its March 3, 2014

Order further explained that before commencing any action against a governmental entity subject to the California Government Claims Act, the plaintiff must submit a claim to that public entity. Cal. Gov. Code §§ 900 et seq.; ECF No.66 at 5:3-7.  If the filing requirement is satisfied and the dispute has not been resolved, the plaintiff may file a complaint within the time prescribed.  *Id.* The complaint must allege that a timely claim for damages was filed with the pubic entity, or in the alternative, circumstances exist which excuse compliance with the claim requirement. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1245 (2004).

### 1. Parties' Arguments

Plaintiff alleges that he fulfilled the filing requirements imposed by the California Government Claims Act by filing a complaint with the California Board of Psychology on May 10, 2011.  (ECF No. 70 at 2:3-6.)  Defendants argue Plaintiff's complaint and correspondence with the California Board of Psychology, which has no affiliation with the County of San Diego, does not constitute compliance or even substantial compliance with the California Government Claims Act. (ECF No. 72-1 at 4:12-5:7.)

### 2. Presentation Requirement of the California Government Claims Act

Section 915(a) of the California Government Code sets forth the procedure for claims presentation to a local public entity, which includes the Defendant in this case, the County of San Diego's Probation Department.  The section provides:

> a) A claim, any amendment thereto, or an application to the public entity for leave to present a late claim shall be presented to a local public entity by either of the following means:
>
> > (1) Delivering it to the clerk, secretary or auditor thereof.
> >
> > (2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office.

West's Ann. Cal. Gov. Code §915 (2014).

Relatedly, with respect to probation officer Defendant St. John, Section 950.2 of the California Government Code states "that a cause of action against a public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred unless a timely claim has been filed against the employing public entity." *Fowler v. Howell*, 42

Cal. App. 4th 1746, 1750 (1996).  California courts construing the section explain that: "included in the [Government] Claims Act [is] what amounts to a requirement that one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public entity employer pursuant to the procedure for claims against public entities."  *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 612-13 (1991).

The California Supreme Court in *DiCampli-Mintz v. County of Santa Clara,* 55 Cal. 4th 983, 986 (2012), has underscored the necessity of strict compliance with the claim presentment requirements set forth in Section 915(a) of the Government Code.  The state supreme court explained:

> "Even if the public entity has actual knowledge of facts that might support a claim, the claims statute still must be satisfied. The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail.
>
> A goal of the Government Claims Act is to eliminate confusion and uncertainty resulting from different claims procedures. [T]he purpose of the claims statute is not to prevent surprise, but to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. It is well-settled that claims statutes must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim. The claims statutes also enable the public entity to engage in fiscal planning for potential liabilities in the future.
>
> Moreover, the intent of the Government Claims Act is not to expand the rights of plaintiffs against government entities. Rather, the intent of the act is to confine potential governmental liability to rigidly delineated circumstances."

*See DiCampli–Mintz*, 55 Cal.4th at 990–91, 150 Cal.Rptr.3d 111, 289 P.3d 884 (internal quotation marks and citations omitted).

Accordingly, "after *DiCampli-Mintz*, either there must be strict compliance with § 915(a) or the only way to 'substantially comply' with § 915(a) is if there is actual receipt of [a] misdirected claim by one of the statutorily designated recipients (i.e. § 915(e))."  *See e.g. Jefferson v. City of Fremont*, 2013 WL 1747917, *9 (N.D. Cal. 2013) (granting Defendant's motion to dismiss for insufficient allegations of compliance under § 915(a) or § 915(e)).

Specifically Section 915(e) states:

(e) A claim, amendment or application *shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if*, within the time prescribed for presentation thereof, any of the following apply:
        (1) *It is actually received* by the clerk, secretary, auditor or board of the local

1          public entity.

2    West's Ann. Cal. Gov. Code §915 (2014)(emphasis added).

3          Thus, a misdirected claim will only satisfy the statute if a statutorily-designated recipient

4    listed in §915(a) actually receives it.  If the appropriate clerk, secretary, auditor, or governing

5    body "never receives the claim, an undirected or misdirected claim fails to comply with the

6    statute."  *Jefferson*, 2013 WL 1747917, *8 (N.D. Cal. 2013); *see also Wilhite v. City of*

7    *Bakersfield*, 2012 WL 273088, *5 (E.D. Cal. 2012)("'substantial compliance' with § 915

8    requires that a misdirected claim be 'actually received' by the appropriate person or board within

9    the time prescribed for presentation of such a claim.")

10         In federal court, failure to allege facts which demonstrate or excuse compliance with the

11   California Government Claims Act subjects state law claims to dismissal.  *Mangold v. California*

12   *Pub Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim-Panahi v. Los Angeles Police*

13   Dept., 839 F.2d 621, 627 (9th Cir. 1988).

14        **3.  Voiles Has Not Alleged Facts Demonstrating Strict Compliance or Substantial**

15           **Compliance Under Section 915, subsections (a) or (e).**

16         In the TAC, Voiles alleges he presented a consumer complaint form to the California

17   Board of Psychology on May 10, 2011, which detailed the ADA and civil rights violations he

18   suffered.  [ECF No. 70 at 2:3-6; Exh. A to TAC.]  The submission of the consumer complaint

19   form to the California Board of Psychology, however, does not satisfy the requirement of

20   Section 915(a), which mandates delivery of a claim to the *clerk, secretary, auditor or governing*

21   *body* for what would be, in this case, the County of San Diego.  There are no allegations or

22   supporting facts provided in the TAC demonstrating that the California Board of Psychology[2] is

23   a clerk, secretary, auditor, or governing body for the San Diego County Probation Department.

24   It is, therefore, **RECOMMENDED** that the Court find Plaintiff has failed to establish strict

25   compliance with the claims presentation requirement set forth in Section 915(a).

26   ─────────────────

27         [2]Defendants cite to California Business & Professions Code § 2902 et seq., which
     identifies the Board of Psychology as a *state* regulatory entity. No affiliation with the San Diego

28   County Probation Department is described in the statute. See ECF No. 72-1 at 4:13-17; Cal. Bus.
     & Prof. Code §2902.

1   Voiles also argues that he has nevertheless shown substantial compliance with the

2   California Government Claims Act because his consumer complaint form to the California

3   Board of Psychology put Defendants SDCPD and St. John on notice of his intent to sue.  [ECF

4   No. 76 at 4:8-5:2.]  This argument fails, however, because the requirements of Section 915(e),

5   which delineates the parameters of substantial compliance, have not been met.  A misdirected

6   claim, such as the one Voiles prepared, is deemed to be in substantial compliance only *if* one of

7   the statutorily-designated recipients listed in §915(a) actually received it.  Any allegations of

8   Defendants' awareness of his consumer complaint form are immaterial under the statute and

9   there are no allegations or supporting facts provided in the TAC to demonstrate that the

10  California Board of Psychology delivered or mailed Voiles' May 10, 2011 form to a clerk,

11  secretary, auditor, or governing body for the County of San Diego who thereafter actually

12  received it.  If the statutorily-specified recipient never receives the claim, Section 915(e)

13  provides that there has not been substantial compliance with the statute.

14      As the California Supreme Court held: "[e]ven if the public entity has actual knowledge

15  of facts that might support a claim, the claims statute still must be satisfied. The filing of a claim

16  is a condition precedent to the maintenance of any cause of action against the public entity and is

17  therefore an element that a plaintiff is required to prove in order to prevail." *See*

18  *DiCampli–Mintz*, 55 Cal.4th at 990.  Thus, the Court **RECOMMENDS** a finding that Plaintiff

19  has also failed to establish substantial compliance as contemplated by Section 915(e)**.  IT IS**

20  **FURTHER RECOMMENDED** that the Court **GRANT** Defendants' Motion to Dismiss

21  Plaintiff's second cause of action for violation of the Unruh Act against SDCPD and St. John

22  with prejudice.  There are no further facts Violes could allege to demonstrate strict or substantial

23  compliance with the claim presentation requirements of the California Government Claims Act.

24  **B. Motion to Strike**

25      **1.  Parties' Arguments**

26      Defendants note that all other claims against Defendant St. John were previously

27  dismissed with prejudice in this Court's March 3, 2014 Order.  Defendants, therefore, move to

28  strike paragraphs 13, 14 and 15, which allege facts pertinent to Plaintiff's dismissed Eighth

Amendment claim, from the TAC because no other actionable claims have been stated against Defendant St. John. [ECF No. 72-1 at 2:15-3:1.]

Defendants also move to strike Voiles' prayer for punitive damages, arguing: (1) punitive damages award against public entities are barred under state and federal law; (2) Section 202 of the ADA bars awards of punitive damages in a private suit; and (3) Plaintiff's failure to meet the requirements of the California Government Claims Act prevents him from seeking punitive damages under the Unruh Act.  *Id.* at 6:5-13.

Plaintiff argues the allegations and prayer in his Third Amended Complaint should not be stricken because it is the province of the jury to determine factual disputes.  [ECF No.76 at 3:2-4.]

## 2. Paragraphs, 13, 14 and 15 of the TAC and the Prayer for Punitive Damages

Paragraph 13 of Voiles' TAC alleges:

> "On December 3, 2008 St. John, upon arrival at Plaintiff's home, placed him in mechanical restraints securing his arms behind his back, Plaintiff reminded St. Jon that he was a disabled American with painful back and lower extremity injuries.  Plaintiff requested that he be restrained in front in order to alleviate the extreme pain the current position was causing him.  St. John refused this request and proceeded to search Plaintiff's home for well over an hour while Plaintiff remained with his hands handcuffed behind his back."

Paragraph 14 alleges:

> "On or about December 10, 2008 St. John appeared at Plaintiff's home unannounced, placed Plaintiff in handcuffs behind his back, despite Plaintiff's vocal objection due to his disability and severe pain, St. John then proceeded to search Plaintiff's home once again. St. John left the Plaintiff restrained with his hands behind his back for well over an hour causing the Plaintiff to suffer severe pain.  St. John told the Plaintiff, in response to his inquiry, that a note from a doctor indicating a medical need to be restrained in front would be required before St. John would agree to that procedure."

Finally, Paragraph 15 of the TAC alleges:

> "On or about December 23, 2008 Plaintiff met with St. John at Plaintiff's home where Plaintiff produced the doctor's note detailing his mobility impairments and other disabilities which render the use of mechanical restraints to bind the Plaintiff's hands behind his back impossible unless one is deliberately attempting to cause excruciating pain and suffering.  St. John's only reply was to accuse the Plaintiff of using 'a little pain' as an excuse for his behavior and if he broke any rules, no matter how minor, he would find himself in prison.  He then proceeded to handcuff the Plaintiff behind his back and commenced a search of his home exceeding two hours."

[ECF No. 70 at pp. 5-6.]

**3.       Paragraphs 13, 14, 15 May Be Stricken From The TAC, But Rule 12(f) Is An Inappropriate Vehicle For Dismissing The Prayer for Punitive Damages**

As explained in the Standard of Review section above, the court may strike portions of a pleading where allegations completely unrelated to relevant claims are raised.  *See* Fed. R. Civ. P. 12(f).  In the Court's March 3, 2014, Order Granting in Part and Denying in Part Defendant's Motion to Dismiss the SAC, the court dismissed with prejudice Plaintiff's Eighth Amendment claim as to Defendant St. John.[3] [ECF No. 66 at 10:17-18.]  Thus, the allegations at paragraphs 13, 14 and 15 of the TAC which describe St. John's handcuffing of Voiles are immaterial to the remaining claims in this lawsuit; namely the ADA claim against the SDCPD[4] and the ADA, civil rights and retaliation[5] claims against Defendant Dr. James A. Reavis, who has not answered Plaintiff's TAC.  Thus, the Court **RECOMMENDS** Defendants' motion to strike paragraphs 13, 14 and 15 of the TAC be **GRANTED** because it is clear that allegations concerning Voiles' dismissed Eighth Amendment claim are irrelevant in light of the Court's previous dismissal with prejudice.

As to Plaintiff's prayer for punitive damages, it <u>cannot</u> be stricken from the TAC under Rule 12(f) as Defendants have requested.  The Ninth Circuit Court of Appeals held in *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974–75 (9th Cir.2010), that Federal Rule of Civil Procedure 12(f) does "not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *See Whittlestone*, 618 F.3d at 974–75 (9th Cir.2010) (reversing district court's order granting motion to strike plaintiff's claim for

---

[3] Specifically, the March 3, 2014 Order: (1) dismissed Voiles' Eighth Amendment claim with prejudice as to SDCPD and St. John; (2) dismissed Voiles' ADA claim with prejudice as to St. John only; and (3) dismissed without prejudice Voiles' Unruh Civil Rights Act claim as to both SDCPD and St. John. In light of the recommendation in this court's instant Report and Recommendation to dismiss the current Unruh Civil Rights Act claim against SDCPD and St. John, the only remaining claim in this action would be Voiles' ADA claim against SDCPD.

[4] Plaintiff's ADA claim against SDCPD is the first cause of action in the TAC. [ECF No. 70 at pp. 11-13.]

[5] Plaintiff's ADA, civil rights and retaliation claims against Reavis are the third, fourth and fifth causes of action respectively in the TAC. [ECF No. 70 at pp. 15-18.]

11cv1166-JLS (BGS)

damages under Rule 12(f) where defendant argued damages were precluded as a matter of law).
The Ninth Circuit has held the court may not strike a damages claim under Rule 12(f) even
though the damages sought are unavailable under either state or federal law.  Nonetheless,
Defendants impermissibly move to strike Plaintiff's prayer for punitive damages based on the
very argument that as a matter of law, punitive damages are unavailable against a municipality.
(*See e.g.* Cal. Gov. Code §818; 42 U.S.C. §1983).  While Defendants may be able to
demonstrate Plaintiff's prayer for punitive damages is barred as a matter of law against the
County of San Diego, the appropriate authority for bringing such as challenge is found under
Rule 12(b)(6) or Rule 56, not Rule 12(f).  Therefore, it is **RECOMMENDED** that Defendants'
motion to strike Voiles' prayer for punitive damages under Rule 12(f) be **DENIED.**

## VI. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, this Court recommends the following:

(1)     Defendants' motion to dismiss Plaintiff's second cause of action for violation of
the Unruh Civil Rights Act against both SDCPD and St. John be **GRANTED
WITHOUT LEAVE TO AMEND;**

(2)     Defendants' motion to strike paragraphs 13, 14 and 15 of Plaintiff's Third
Amended Complaint be **GRANTED;** and

(3)     Defendants' motion to strike Plaintiff's prayer for punitive damages be **DENIED.**

This Report and Recommendation of the undersigned Magistrate Judge is submitted to
the United States District Judge assigned to this case, pursuant to 28 U.S.C. §636(b)(1).

**IT IS HEREBY ORDERED** that no later than **September 18, 2014**, any party to this
action may file written objections with the Court and serve a copy on all parties.  The document
should be captioned "Objections to Report and Recommendation."

///
///
///
///

11cv1166-JLS (BGS)

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 2, 2014.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  September 2, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

11cv1166-JLS (BGS)